**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————X
                    :

| | |
|---|---|
| THOMAS SHOENBORNE, on behalf of himself and all others similarly situated, | : |
| | : |
| Plaintiff, | :   Civil Action No. |
| | : |
| vs. | :   **CLASS ACTION COMPLAINT AND** |
| | :   **JURY TRIAL DEMAND** |
| MADISON MANAGEMENT SERVICES, LLC, | : |
| | : |
| Defendant. | : |
| | : |
| | : |

——————————————— X

Plaintiff THOMAS SHOENBORNE (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant MADISON MANAGEMENT SERVICES, LLC (hereinafter "Defendant"), and its respective employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Passaic County, in the State of

New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Defendant MADISON MANAGEMENT SERVICES, LLC is a New

Jersey limited liability company, with its principal place of business located at 400

Madison Avenue, Suite 222, Denville, NJ 07834 that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of New Jersey. In fact, Defendant was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

9.      Based upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

10.      Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received communications from the Defendant which are in violation of the FDCPA, as described in this Complaint.

**11.**      This Action is properly maintained as a class action. The Class consists of:

•      All New Jersey consumers who were sent collection letters and/or notices from any Defendant in a form substantially similar to attached Exhibit A and which included the alleged conduct and practices described herein.

• The Class period begins from March 2, 2019 to the filing of this Action.

3

12.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters, telephone calls and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard communications that were made to hundreds of persons, including voicemail messages and collection letters such as attached Exhibit A.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.  Whether Defendant violated various provisions of the FDCPA.

  b.  Whether Plaintiff and the Class have been injured by the Defendant's conduct;

  c.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

  d.  Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

4

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

12.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

13.     Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

14.     Each Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

15.     At some time prior to March 2, 2019, Plaintiff allegedly incurred a financial obligation ("the Debt") to NNG DE I, LLC or its predecessor.

16.     The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.     The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.      NNG DE I, LLC is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19.     At some point prior to March 2, 2019, the Debt was assigned by NNG DE I, LLC to Defendant for purposes of collection.

20.     On or about March 2, 2019, Plaintiff received a series of collection letters from Defendant.  See, attached Exhibit A.

21.     Based upon information and belief, the March 2, 2019 collection letter(s) was Defendant's initial communication with Plaintiff.

22.    The March 2, 2019 letter indicated that as of the date of this letter, you owe $27,865.75.

23.    The March 2, 2019 collection letter further provided that, "Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater."

24.    However, the balance due amount of $27,865.65 improperly included interest, late charges and other charges that did not vary day from day.

25.    Additionally, the balance due amount of $27,865.65 improperly included interest, late charges and/or other charges that Defendant was not entitled collect.

26.    Additionally, the balance due amount of $27,865.65 improperly included interest, late charges and/or other charges that were not itemized.

27.    Additionally, the balance due amount of $27,865.65 was more than Defendant was entitled to collect from Plaintiff.

28.    The March 2, 2019 collection letter further indicated that, "We will provide you with the name and address of the original creditor on the debt, if different from the current creditor, if you request this information within thirty (30) days after your receipt of this letter."

29.    However, while this language purports to comply with the requirements of section 1692g(a)(5) of the FDCPA, the collection letter fails to indicate that the request must be made in "writing".

30.    Furthermore, additional information included in the March 2, 2019 letters overshadowed Defendant's right to seek verification of the debt.

31.    Additionally, based upon information and belief other information

contained in the March 2, 2019 collections letters was false, deceptive and/or misleading within the meaning of the FDCPA.

32.     Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

33.     Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

34.     Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

35.     Defendant violated Plaintiff's right to a trustful and fair debt collection process.

36.     Under the FDCPA, Plaintiff had the right to receive certain information from Defendant regarding his or her rights under the FDCPA.

37.     Defendan's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

38.     Defendant's collection communications provided confusing and incorrect information causing Plaintiff a concrete injury in that Plaintiff was deprived of his or her right to receive accurate and trustworthy information regarding his or her rights under the FDCPA.

39.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

40.     The FDCPA ensures that consumers are fully and truthfully apprised of

the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

41.    As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

42.    Plaintiff's receipt of a collection communication which provided incorrect, incomplete and confusing information constitutes a concrete injury.

43.    The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

44.    Defendant's failure to provide accurate information injured Plaintiff in that it impacted his ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent himself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

45.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

46.    It is Defendant's policy and practice to communicate with consumers, which violate the FDCPA, by *inter alia*:

> (a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)   failing to verify the debt

(c)   Using unfair or unconscionable means to collect or attempt to collect any debt.

47.   On information and belief, Defendant sent letters substantially similar to Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

1.   Plaintiff repeats the allegations contained in paragraphs 1 through 47 as if the same were set forth at length.

2.   Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

3.   By communicating with Plaintiff as described herein, Defendant violated:

A.   15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff.

A.   15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.   15 U.S.C. § 1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of the alleged debt in the lawsuit, by demanding money that it was not entitled to, and by suing for interest, fees and costs it was not entitled to collect.

C.  15 U.S.C. § 1692e(2)(B) of the FDCPA by falsely representing the entitlement to certain interest, fees, costs and/or other charges.

D.  15 U.S.C. § 1692e(5) of the FDCPA by threatening to take or taking an action that could not legally be taken.

E.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

G.  15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

H.  15 U.S.C. §1692g(a) of the FDCPA by failing to properly give the required notice.

I.  15 U.S.C. §1692g(b) of the FDCPA by attempting to collect a debt without first providing debt verification after requested.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff actual damages.

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.

Dated:  Rutherford, New Jersey
        March 2, 2020

                                    Respectfully submitted,


                            By: s/ Lawrence C. Hersh
                                Lawrence C. Hersh, Esq.
                                17 Sylvan Street, Suite 102B
                                Rutherford, NJ  07070
                                (201) 507-6300
                                *Attorney for Plaintiff*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.


Dated: March 2, 2020              By: s/ Lawrence C. Hersh
                                      Lawrence C. Hersh, Esq

EXHIBIT A



Tel: 877-563-4164
Fax: 877-563-4161
Email: info@madisonmanagement.net
Web: www.madisonmanagement.net

3/2/2019

Thomas R. Schoenborne
█████████

Property Address:
█████████

New Loan Number: ████549
Prior Account Number:

Dear Customer:

This notice is being sent to you in accordance with the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*.

As of the date of this letter, you owe **$27,865.75**. Because of interest, late charges and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call (877) 563-4164.

NNG DE I LLC is the creditor to whom the debt is owed. However, Madison Management Services, LLC, a debt collector, is responsible for servicing and collecting the debt.

Unless you dispute the validity of the debt or any portion of the debt within thirty (30) days after your receipt of this letter, we will assume that the debt is valid.

If you notify us in writing within thirty (30) days after your receipt of this letter that you dispute the debt or any portion of the debt, we will obtain verification of the debt or a copy of any judgment against you and we will mail you a copy of such verification or judgment.

We will provide you with the name and address of the original creditor on the debt, if different from the current creditor, if you request this information within thirty (30) days after your receipt of this letter.

You are hereby notified that this letter is being sent to you by Madison Management Services, LLC, which is a debt collector. Madison Management Services, LLC is attempting to collect a debt. Any information obtained by us will be used for that purpose. However, if you are in a bankruptcy proceeding or your debt has been discharged in bankruptcy, please read the next paragraph carefully for some important information.

***NOTICE TO ANY CUSTOMER IN BANKRUPTCY OR WHO HAS RECEIVED A DISCHARGE IN BANKRUPTCY:***

Notwithstanding anything in this notice to the contrary, if you have filed a bankruptcy petition and there is either an "automatic stay" in effect in your bankruptcy case, or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If these circumstances apply, this notice is not intended as a demand for payment from you personally. Unless the Bankruptcy Court has ordered otherwise, however, please also note that despite any such bankruptcy filing, we do continue to retain whatever rights we hold in the property that secures the obligation.

Madison Management Services, LLC for NNG DE I LLC
Customer Service Department

400 Morris Avenue, Suite 222, Denville, NJ 07834

This communication is from a debt collector but does not imply that Madison Management Services is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely for informational purposes and does not constitute a demand for payment. North Carolina Collection Agency Permit # 109073. Madison Management Services is licensed by the Collection Service Board of the Tennessee Department of Commerce and Insurance.

**Madison**
MANAGEMENT SERVICES, LLC
Exceptional Loan Servicing

Tel: 877-563-4164
Fax: 877-563-4161
Email: info@madisonmanagement.net
Web: www.madisonmanagement.net

March 2, 2019

Thomas R. Schoenborne

Property Address:

New Loan Number: ████549
Prior Account Number:

### Notice of Assignment, Sale or Transfer of Servicing Rights

You are hereby notified that the servicing of your loan, that is, the right to collect payments from you, has been assigned, sold or transferred from Land Home Financial Services, INC to Madison Management Services, LLC for NNG DE I LLC, effective **02/25/2019**.

The assignment, sale or transfer of the servicing of your loan does not affect any term or condition of the loan documents or mortgage instruments, other than terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your previous servicer send you notice of the transfer at least 15 days before the effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after the effective date of the transfer or at closing.

Your present servicer is Land Home Financial Services, INC. If you have any questions relating to the transfer of servicing from your present Servicer, please call them at (877) 557-9042 between 7:00 AM - 5:00 PM PST Monday through Friday. This is a toll free number.

Your new Servicer will be Madison Management Services, LLC. Your account number is now: ████549 and will be used by Madison Management Services, LLC.

The correspondence address for your new servicer is:

Madison Management Services, LLC,
400 Morris Ave, Ste 222
Denville NJ 07834

If you have any questions concerning the transfer of servicing to your new servicer, call (877) 563-4164 between 9:00 a.m. and 6:00 p.m. ET.

You may access your account and make payments via our web portal: **www.madisonmanagement.net**

400 Morris Avenue, Suite 222, Denville, NJ 07834

This communication is from a debt collector but does not imply that Madison Management Services is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely for informational purposes and does not constitute a demand for payment. North Carolina Collection Agency Permit # 109073. Madison Management Services is licensed by the Collection Service Board of the Tennessee Department of Commerce and Insurance.



Fax: 877-563-4161
Email: info@madisonmanagement.net
Web: www.madisonmanagement.net

The date that your present servicer will stop accepting payments from you is **02/25/2019**. The date that your new servicer will start accepting payments from you is **02/25/2019**.

Send all payments on or after the **02/25/2019** to your new servicer.

Make your payments payable to:    Madison Management Services, LLC

Mail your payments to:    Madison Management Services, LLC
400 Morris Ave, Ste 222
Denville NJ 07834

If you elect to continue having your payment automatically withdrawn, Madison Management Services, LLC will be glad to set you up on our Automatic Withdrawal Program. Please call in and ask for an ACH representative.

You will be receiving monthly invoices in the mail from Madison Management Services, LLC. Payment options available are ACH Monthly, ACH biweekly, Check by Phone, Regular Mail, UPS or Fed Ex.

The transfer of servicing rights may affect the terms of or the continued availability of mortgage life or disability insurance or any other type of optional insurance in the following manner: Madison Management Services, LLC   will **not** continue to accept your insurance payments as a part of your monthly loan payment nor will it be responsible for the continuation of any such optional insurance coverage. You should take the following action to maintain coverage: contact your optional insurance carrier immediately for instructions on how to continue such optional insurance coverage.

Please contact Madison Management Services, LLC at (877) 563-4164 as we have authority to act on behalf of the new owner of your loan.

**Partial Payments**

Partial payments may be accepted by your lender and applied to a suspense account until the full payment has been received at which time the payment will be applied as a full payment.

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605). During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old Servicer before its due date may not be treated by the new loan Servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan Servicer concerning the servicing of your loan, your Servicer must provide you with a written acknowledgment within 5 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the Servicer, which includes your name and account number, and a statement of the reasons for your belief, to the extent applicable, that the account is in error or provides sufficient detail to the Servicer regarding other information you are seeking. If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to Madison Management Services, LLC at the address listed above.

Not later than 30 Business Days after receiving your qualified written request, your Servicer must make any appropriate corrections to your account, and/or, must provide you with a written explanation or clarification regarding any dispute. During this 30 business day period, your Servicer may not provide information to a consumer reporting agency concerning

This communication is from a debt collector but does not imply that Madison Management Services is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely for informational purposes and does not constitute a demand for payment. North Carolina Collection Agency Permit # 109073. Madison Management Services is licensed by the Collection Service Board of the Tennessee Department of Commerce and Insurance.



Tel: 877-563-4164
Fax: 877-563-4161
Email: info@madisonmanagement.net
Web: www.madisonmanagement.net

any overdue payment related to such period or qualified written request.  However, this does not prevent the Servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where Servicers are shown to have violated the requirements of that section.  You should seek legal advice if you believe your rights have been violated.

You are hereby notified that this letter is being sent to you by Madison Management Services, LLC, which is a debt collector. Madison Management Services, LLC is attempting to collect a debt. Any information obtained by us will be used for that purpose.  However, if you are in a bankruptcy proceeding or your debt has been discharged in bankruptcy, please read the next paragraph carefully for some important information.

**NOTICE TO ANY CUSTOMER IN BANKRUPTCY OR WHO HAS RECEIVED A DISCHARGE IN**

*BANKRUPTCY:*  Notwithstanding anything in this notice to the contrary, if you have filed a bankruptcy petition and there is either an "automatic stay" in effect in your bankruptcy case, or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If these circumstances apply, this notice is not intended as a demand for payment from you personally.  Unless the Bankruptcy Court has ordered otherwise, however, please also note that despite any such bankruptcy filing, we do continue to retain whatever rights we hold in the property that secures the obligation.

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

Sincerely,

Madison Management Services, LLC for NNG DE I LLC

Customer Service Department.

**North Carolina Residents:**
Madison Management Services is licensed by the NCCOB License # S-160885
North Carolina Department of Insurance: Permit Number: 109073.

**IF YOU FEEL THE NEED TO CONTACT THE CONSUMER COMPLIANT SECTION OF THE OFFICE OF THE COMMISSIONER OF BANKS, THEY CAN BE CONTACTED BY TELEPHONE AT (919) 733-3016 OR BY MAIL AT 4309 MAIL SERVICE CENTER, RALEIGH NC 27699.**

**Please note that you can also receive additional information by contacting the North Carolina Housing Finance Agency at 1-888-442-8188 or by accessing the Commissioner's website at www.nchfa.org, or by mail at: NC Housing Finance Agency, 3508 Bush Street, Raleigh, NC 27609-7509.**

400 Morris Avenue, Suite 222, Denville, NJ 07834

This communication is from a debt collector but does not imply that Madison Management Services is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely for informational purposes and does not constitute a demand for payment. North Carolina Collection Agency Permit # 109073. Madison Management Services is licensed by the Collection Service Board of the Tennessee Department of Commerce and Insurance.

**MADISON**
MANAGEMENT SERVICES, LLC
Exceptional Loan Servicing

Fax: 877-563-4161
Email: info@madisonmanagement.net
Web: www.madisonmanagement.net

3/2/2019

Thomas R. Schoenborne

Property Address:

New Loan Number: ████549
Prior Account Number:

As stated in previous correspondence, the servicing of your mortgage loan has been transferred from Land Home Financial Services, INC to Madison Management Services, LLC for NNG DE I LLC effective 02/25/2019.

If your loan is secured by real estate, please contact your insurance carrier to have the mortgagee clause changed to the following:

Madison Management Services, LLC
400 Morris Ave, Ste 222
Denville, NJ 07834

Please have your insurance carrier forward a copy of your insurance policy with the mortgagee clause change to our Escrow Department at the address shown above.   If your property is located in a flood hazard zone, which starts with an "A" or "V", we will also require a copy of your flood insurance policy.

If you or your insurance carriers have any questions, please contact the Escrow Department at (877) 563-4164, Monday through Friday between 9:00 a.m. and 5:00 p.m. Eastern Time.

You are hereby notified that this letter is being sent to you by Madison Management Services, LLC, which is a debt collector. Madison Management Services, LLC is attempting to collect a debt. Any information obtained by us will be used for that purpose.  However, if you are in a bankruptcy proceeding or your debt has been discharged in bankruptcy, please read the next paragraph carefully for some important information.

***NOTICE TO ANY CUSTOMER IN BANKRUPTCY OR WHO HAS RECEIVED A DISCHARGE IN BANKRUPTCY:***

Notwithstanding anything in this notice to the contrary, if you have filed a bankruptcy petition and there is either an "automatic stay" in effect in your bankruptcy case, or you have received a discharge of your personal liability for the obligation identified in this letter, we may not and do not intend to pursue collection of that obligation from you personally. If these circumstances apply, this notice is not intended as a demand for payment from you personally.  Unless the Bankruptcy Court has ordered otherwise, however, please also note that despite any such bankruptcy filing, we do continue to retain whatever rights we hold in the property that secures the obligation.

Madison Management Services, LLC for NNG DE I LLC.
Customer Service Department

400 Morris Avenue, Suite 222, Denville, NJ 07834

This communication is from a debt collector but does not imply that Madison Management Services is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely for informational purposes and does not constitute a demand for payment. North Carolina Collection Agency Permit # 109073. Madison Management Services is licensed by the Collection Service Board of the Tennessee Department of Commerce and Insurance.



Tel: 877-563-4164
Fax: 877-563-4161
Email: info@madisonmanagement.net
Web: www.madisonmanagement.net

## Madison has several payment options available to our customers.

**Regular Mail** - Please complete and detach the payment coupon at the bottom of your monthly statement and return with your check, money order, cashier's check in the convenient envelope provided.   If you have misplaced or did not receive your statement, please send your payment, including your loan number on the memo line:

**Madison Management Services, LLC**
**400 Morris Ave, Ste 222**
**Denville, NJ 07834**

If paying by check, you are authorizing Madison Management Services, LLC to use information on the check to make a one-time electronic debit for each check presented from the account at the financial institution indicated on the check.  This electronic debit will be for the exact amount of the check.

**Automated Payment Service** - ACH is a convenient, economical and efficient way for you to make your monthly mortgage payment. No checks, no stamps, no worry. Using this method, your payments are automatically deducted every month on the date that you choose. To sign up for this service, download the application from our website www.madisonmanagement.net and mail or fax back with a copy of your voided check.

**Online Payments** - Need to make a quick payment?  You can submit a payment that will be withdrawn from your bank account within one business day.  This is a free service for payments remitted within five (5) days of the payment due date. Register for online access to your account and select the Pay By Check option on your Account Profile page.

**Phone** - For your convenience, payments may be made by phone by calling (877) 563-4164 during regular business hours.  If you choose to pay by phone, you will be asked to provide your Personal Identification Number (PIN) and account and routing numbers from your checking or savings account.  Your PIN is the last four digits of the primary or secondary customer's Social Security number.  **There may be a charge for this service.**

**Additional Payments** - Additional payments can be submitted by mail towards loan principal or towards your escrow account. Some loans may contain a prepayment charge clause and additional principal payments may incur a prepayment charge. If you are unsure, please review your loan documents or call a Customer Specialists at (877) 563-4164.

**Past Due Payments** - To discuss a repayment plan on past due payments call a Customer Specialists at:(877) 563-4164

If you have questions regarding any of the payment methods or details on your account, please contact our Customer Service Department at (877) 563-4164 or email us at CustomerService@MadisonManagement.net.

Thank you and we look forward to working with you.

Sincerely,

Loan Servicing

Madison Management Services, LLC

400 Morris Avenue, Suite 222, Denville, NJ 07834

This communication is from a debt collector but does not imply that Madison Management Services is attempting to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely for informational purposes and does not constitute a demand for payment. North Carolina Collection Agency Permit # 109073. Madison Management Services is licensed by the Collection Service Board of the Tennessee Department of Commerce and Insurance.